# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00658-CV

**American Capitol Insurance Company and Texas
Imperial Insurance Company, Appellants**

**v.**

**Jose Montemayor, Commissioner of Insurance and Texas
Department of Insurance, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. GN200980, HONORABLE PAUL DAVIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants American Capitol Insurance Company and Texas Imperial Insurance Company appeal from the district court=s order granting the plea to the jurisdiction filed by appellees Jose Montemayor, Commissioner of Insurance, and the Texas Department of Insurance (collectively, ATDI@). We reverse the judgment of the district court and remand the cause with instructions to abate the cause pending resolution of the underlying administrative proceedings.

### The Controversy

In 1999, the Commissioner, appellants, and the National Organization of Life and Health Insurance Guaranty Associations entered into a Aliquidation plan@ governing the insolvency of Statesman

National Life Insurance Company.  Statesman National was a wholly owned subsidiary of Texas Imperial, which in turn is a wholly owned subsidiary of American Capitol.  Under the liquidation plan, American Capitol and Texas Imperial agreed to provide continuing coverage for several groups of Statesman National=s policyholders and to contribute an Aenhancement@ to the life and health insurance guaranty associations participating in the liquidation plan.

In November 2001, TDI reported to the Commissioner that American Capitol and Texas Imperial had made inter-company settlements on business assumed under the liquidation plan without giving TDI notice or obtaining TDI approval, thus violating the Holding Company Act.  *See* Tex. Ins. Code Ann. ' 21.49-1 (West Supp. 2003).[1]  TDI also reported that (1) Texas Imperial had violated accounting rules and 28 Tex. Admin. Code ' 7.28(e) (2002) by including its reinsurance gains as unassigned surplus instead of as separate surplus funds on Texas Imperial=s financial statements, as TDI had requested in previous communications, (2) American Capitol had violated accounting rules and 28 Tex. Admin. Code ' 7.70 (2002) by failing to disclose on its financial statement about $500,000 in assets under dispute with the

---

[1] The Holding Company Act requires insurers to report to the Commissioner, among other items, any purchases, sales, exchanges of assets, Atransactions not in the ordinary course of business,@ and Amanagement and service contracts and all cost-sharing arrangements@ between an insurer and its holding company, subsidiaries, or affiliates.  Tex. Ins. Code Ann. ' 21.49-1, ' 3(b)(3) (West Supp. 2003).  Prior approval is required for sales, purchases, exchanges, loans, and other transactions between an insurer and a member of its holding company system.  *Id*. ' 4(d).

receivership estate, and (3) American Capitol had violated the liquidation plan by paying an employment bonus.

On March 26, 2002, appellants filed a declaratory judgment suit against TDI in district court. On April 11, TDI sent appellants notice of a hearing to consider whether to take disciplinary action against appellants, making the same allegations it had made in its reports to the Commissioner. The hearing was set for June 24. On June 14, TDI filed an amended notice of hearing, dropping the allegation related to the bonus paid by American Capitol;[2] the other allegations of statutory and rule violations remained the same. TDI filed a plea to the jurisdiction in the district court, arguing that appellants= suit was an attempt to thwart administrative procedures before the State Office of Administrative Hearings (ASOAH@). The district court granted the plea to the jurisdiction and dismissed appellants= suit.

On appeal, appellants contend that the district court had jurisdiction over their declaratory judgment suit by virtue of (1) the terms of the liquidation plan, and (2) section 2001.038 of the government code.[3] Tex. Gov=t Code Ann. ' 2001.038(a) (West 2000). TDI, on the other hand, argues that (1) the agency has initial exclusive jurisdiction under the insurance code, (2) the liquidation plan does not confer

---

[2] Appellants ask us to determine as a matter of law whether paying the bonus was a violation of the liquidation plan because Anothing would prohibit the TDI from further amending its notice and adding this [charge] again.@ The determination of an issue not before us would be advisory and we will examine the propriety of the district court=s decision based on the live pleadings at the time the decision was made, using the allegations contained in TDI=s amended notice of hearing.

[3] Before the district court, appellants also asserted jurisdiction under article 21.28 of the insurance code and the Uniform Declaratory Judgments Act (AUDJA@). *See* Tex. Civ. Prac. & Rem. Code Ann. '' 37.001-.011 (West 1997 & Supp. 2003). However, they confine their arguments on appeal to the liquidation plan and section 2001.038 of the government code.

exclusive jurisdiction on the district court, and (3) the district court properly deferred to TDI under the doctrine of primary jurisdiction.

## Standard of Review

A plea to the jurisdiction contests a trial court=s authority to consider a cause of action. *Tsumi, Inc. v. Texas Parks & Wildlife Dep=t*, 23 S.W.3d 58, 60 (Tex. App.CAustin 2000, pet. denied). The plaintiff must allege facts to demonstrate that subject matter jurisdiction lies with the district court. *Texas Ass=n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Unless the petition affirmatively shows on its face a lack of jurisdiction, the district court should liberally construe the allegations in favor of jurisdiction. *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996). When deciding whether the district court properly exercised jurisdiction, we consider the factual allegations made by the plaintiff in good faith. *Brannon v. Pacific Employers Ins. Co.*, 224 S.W.2d 466, 469 (Tex. 1949). These allegations are accepted as true unless the defendant pleads and proves that they were made fraudulently to confer jurisdiction. *Cazarez*, 937 S.W.2d at 449. However, we are not completely confined to the pleadings; we may consider evidence outside the pleadings and must do so when necessary to resolve the jurisdictional issues. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). Appellants= pleadings have not been challenged as fraudulent, and we will accept the factual allegations as true. Subject matter jurisdiction raises a question of law, and we therefore conduct a *de novo* review of a trial court=s decision. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

## Exclusive and Primary Jurisdiction

4

Appellants and TDI both argue that the doctrine of exclusive jurisdiction applies to this cause. Appellants argue that the district court has exclusive jurisdiction under the liquidation plan to determine this and all disputes arising out of the plan, while TDI argues that it and SOAH have exclusive jurisdiction to make an initial administrative determination.

Texas trial courts are courts of general jurisdiction, meaning they presumably have subject matter over a controversy unless a contrary showing is made. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002). Administrative agencies, on the other hand, are not presumably authorized to resolve disputes; they only have powers clearly and expressly conferred upon them by law. *Id.* We will not imply additional authority to an agency, and an agency may not take it upon itself to expand its powers. *Id.*

Exclusive jurisdiction is legislatively granted and gives an administrative agency the sole authority to make an initial determination in a dispute. *Id.* at 221. Exclusive jurisdiction is found when a Apervasive regulatory scheme@ indicates a legislative intent for the agency=s regulatory process to be the exclusive means of resolving a dispute. *Id.* (quoting Andrew G. Humphrey, Comment, *Antitrust Jurisdiction and Remedies in an Electric Utility Price Squeeze*, 52 U. Chi. L. Rev. 1090, 1107 n.73 (1985)). When an agency has exclusive jurisdiction, a party generally must exhaust its administrative remedies before seeking judicial review and until the party has done so, trial courts lack jurisdiction and should dismiss the party=s claims without prejudice. *Id.*

Primary jurisdiction is judicially created and allocates power between courts and administrative agencies when both are authorized to make initial determinations in a dispute. *Id.* Trial courts should defer to an agency for initial decisions when:

(1) an agency is typically staffed with experts trained in handling the complex problems in the agency=s purview; and (2) great benefit is derived from an agency=s uniformly interpreting its laws, rules, and regulations, whereas courts and juries may reach different results under similar fact situations.

*Id.*; *see Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 208 (Tex. 2002). If primary jurisdiction requires a trial court to defer to an agency for initial decisions, the trial court should abate the claims until the agency has acted on the matter. *David McDavid*, 84 S.W.3d at 221. A trial court=s determination regarding exclusive or primary jurisdiction is reviewed on appeal *de novo. Id.* at 222.

Paragraph 8.2 of the liquidation plan provides that Athe Parties hereby consent to the exclusive jurisdiction of the [district court] to resolve any and all disputes as amongst the parties which arise out of or relate, directly or indirectly, to the Liquidation Plan.@ Appellants argue that, because the district court initially had jurisdiction over the liquidation plan and all related matters, the court maintains exclusive jurisdiction over these disputes between appellants and TDI. They cite to *Texas A&M University-Kingsville v. Lawson* in support, arguing that once a trial court validly assumes jurisdiction over a cause, it maintains continuing jurisdiction over later, related disputes. 87 S.W.3d 518 (Tex. 2002). In *Lawson*, the plaintiff sued the university under the Whistleblower Act, Tex. Gov=t Code Ann. ' ' 554.001-.010 (West 1994 & Supp. 2003), and then settled with the university and dismissed his suit. *Lawson*, 87 S.W.3d at 518-19. Some time later, the plaintiff again sued, alleging the university had breached the settlement

6

agreement.  *Id.* at 519.  The university filed a plea to the jurisdiction, asserting sovereign immunity, but the supreme court held that the trial court properly denied the plea because immunity from the plaintiff=s original claims was waived under the Whistleblower Act.  *Id.* at 521.  The court held that the university could not through settlement regain immunity that was legislatively waived.  *Id.* at 522-23.

The cause at hand presents a different issue than the question decided in *Lawson*.  Here, there is no question related to sovereign immunity and no indication that TDI is attempting to sidestep a waiver of any other defense.[4]  We instead review this cause under the law as stated in *Chenault v. Phillips*: AThis Court=s jurisdiction, like that of all Texas courts, is conferred solely by the Texas Constitution and state statutes.  We do not have jurisdiction to decide any case absent an express constitutional or statutory grant.@  914 S.W.2d 140, 141 (Tex. 1996).  It follows that parties cannot contractually agree to confer jurisdiction, exclusive or otherwise, on a particular court if jurisdiction does not lie under legislative or constitutional grant.

Paragraph 8.2 does not automatically vest the district court with exclusive jurisdiction related to TDI=s allegations of statutory and rule violations.  Nor does a review of the insurance code reveal any statutory provision or other clear legislative intent granting TDI and SOAH exclusive jurisdiction over this dispute.  *See David McDavid*, 84 S.W.3d at 223 (exclusive jurisdiction is matter of statutory interpretation; statute clearly and expressly granted agency Aexclusive, original jurisdiction@ over disputes).

---

[4]  Nor is this a situation akin to *Continental Coffee Co. v. Cazarez*, in which a plaintiff originally filed suit asserting damages within the trial court=s jurisdiction, and then later increased her pleaded damages beyond the trial court=s jurisdictional limit.  937 S.W.2d 444, 449 (Tex. 1996).  The supreme court held that because the trial court properly acquired jurisdiction over the cause, later events did not divest the court of jurisdiction.  *Id.*

7

## TDI=s Jurisdiction

TDI filed its reports to the Commissioner pursuant to chapter 84 of the insurance code, which governs the imposition of administrative penalties. *See* Tex. Ins. Code Ann. '' 84.001-.051 (West Supp. 2003). Under chapter 84, if TDI determines that an insurer has violated the insurance code or rules, TDI files a report setting out the alleged violations and recommending an administrative penalty. *Id.* ' 84.041. If the insurer disputes the report and recommended penalty, TDI must conduct a SOAH hearing. *Id.* '' 84.042, .043. Following the SOAH hearing, the administrative law judge (1) makes findings of fact and conclusions of law and (2) sends a proposed decision to the Commissioner, who may impose a penalty or find that no violation occurred. *Id.* '' 84.043(c), .044. The insurer may then file for judicial review of the Commissioner=s decision. *Id.* ' 84.045. Appellants=issues are related to violations alleged by TDI pursuant to chapter 84, and TDI and SOAH have jurisdiction over the dispute.

## The District Court=s Jurisdiction

A trial court may be asked to render a declaratory judgment as to an agency=s rule under section 2001.038 of the government code, which provides that

> The validity or applicability of a rule . . . may be determined in an action for declaratory
> judgment if it is alleged that the rule or its threatened application interferes with or impairs,
> or threatens to interfere with or impair, a legal right or privilege of the plaintiff.

Tex. Gov=t Code Ann. ' 2001.038(a) (West 2000). A Arule@is defined as an agency statement of general applicability that implements, interprets, or prescribes law or policy, or describes the procedures or

practices of an agency; it Adoes not include a statement regarding only the internal management or organization of a state agency and not affecting private rights or procedures.@ *Id*. ' 2001.003(6) (West 2000). Because the parties do not dispute that section 2001.038 applies here, we will assume without deciding that section 2001.038 grants the district court jurisdiction over this action.[5] Therefore, the agency and the district court have concurrent jurisdiction, and we must decide whether the doctrine of primary jurisdiction required the district court to defer to the ongoing SOAH proceedings. *See Cash Am. Int=l Inc. v. Bennett*, 35 S.W.3d 12, 18 (Tex. 2000).

## Does Primary Jurisdiction Apply?

---

[5] It is not entirely clear that the disputed statements or actions are Arules@ as defined by section 2001.003(6). *See Beacon Nat=l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 269 (Tex. App.CAustin 2002, no pet.) (not all agency statements, letters, or bulletins are Arules@ requiring administrative review and subject to section 2001.038 suit); *see also Railroad Comm=n v. WBD Oil & Gas Co.*, 46 Tex. Sup. Ct. J. 442, 448-49, 2003 Tex. LEXIS 9, at *28-33 (Feb. 13, 2003) (agency=s field rules are not Arules@ subject to section 2001.038 review; rulemaking procedures are mutually exclusive of contested case procedures). However, because neither party disputes that the actions complained of by appellants are such Arules,@ we will limit our discussion to the complaints raised by the parties.

Appellants urge that section 2001.038 trumps the application of primary jurisdiction, pointing to subsection (d) of the statute, which provides that A[a] court may render a declaratory judgment without regard to whether the plaintiff requested the state agency to rule on the validity or applicability of the rule in question.@ Tex. Gov=t Code Ann. ' 2001.038(d). However, subsection (d) uses permissive, not mandatory, language: a trial court *may* exercise jurisdiction over such a complaint. Further, subsection (d) addresses the exhaustion of remedies, not the doctrine of primary jurisdiction. *See Lopez v. Public Util. Comm=n*, 816 S.W.2d 776, 782 (Tex. App.CAustin 1991, no writ).[6] Subsection (d) allows a plaintiff to seek a declaratory judgment regardless of whether it sought administrative review of the complaint; it does not express a clear legislative intent that the doctrine of primary jurisdiction is inapplicable to a challenge under section 2001.038. *See id.* We hold that when the dispute arises out of an agency proceeding, the doctrine of primary jurisdiction allows a trial court to defer to an agency=s expertise and decline to render a declaratory judgment. *Id.* (Athe precepts of the primary-jurisdiction doctrine may permit a district court, in its discretion, to deny declaratory relief@).

Appellants next argue that it has not been shown that the doctrine of primary jurisdiction should be applied to this cause. As stated above, a trial court may allow an administrative agency to make an initial determination of an issue when (1) the agency is staffed with experts trained in the complex

---

[6] *Lopez v. Public Utility Commission* discussed the applicability of primary jurisdiction to section 12 of the Administrative Procedure and Texas Register Act, section 2001.038=s predecessor. 816 S.W.2d 776, 782 (Tex. App.CAustin 1991, no writ). Section 12, like section 2001.038, provided that declaratory judgment Amay be rendered whether the plaintiff has requested the agency to pass on the validity or applicability of the rule in question.@ Act of April 8, 1975, 64th Leg., R.S., ch. 61, ' 12, 1975 Tex. Gen. Laws 136, 141, *repealed and replaced by* Act of May 4, 1993, 73d Leg., R.S., ch. 268, ' 1, 1993 Tex. Gen. Laws 583, 739 (current version at Tex. Gov=t Code Ann. ' 2001.038).

problems within the agency=s purview, and (2) substantial benefit is derived from a uniform interpretation of the agency=s rules, laws, and regulations. *Butnaru*, 84 S.W.3d at 208 (applying primary jurisdiction to declaratory judgment suit brought under statute other than ' 2001.038); *Beacon Nat=l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 271-72 (Tex. App.CAustin 2002, no pet.) (applying primary jurisdiction to suit brought under section 2001.038). In determining whether primary jurisdiction requires deference to an agency, the trial court should ask whether the issues are within the agency=s special competence and whether the justifications for primary jurisdiction will be served by deferring to the agency. *Bennett*, 35 S.W.3d at 18 (quoting *Southwestern Bell Tel. Co. v. Public Util. Comm=n*, 735 S.W.2d 663, 669-70 n.3 (Tex. App.CAustin 1987, no writ); *Kavanaugh v. Underwriters Life Ins. Co.*, 231 S.W.2d 753, 755 (Tex. Civ. App.CWaco 1950, writ ref=d)).

The issues raised by appellants are: (1) whether the liquidation plan was subject to the insurance code; (2) whether the inter-company settlements were subject to and ran afoul of administrative or insurance code provisions; (3) whether TDI had prior notice of the settlements and whether TDI=s failure to object implicitly approved of them; (4) whether American Capitol was required by the insurance code to disclose the $500,000 in disputed assets; (5) whether Texas Imperial improperly reported initial reinsurance gains as unassigned surplus, thus violating accounting regulations and the insurance code; and (6) whether American Capitol violated the liquidation plan by paying an employment bonus. Although appellants attempt to frame their issues as pure questions of law arising solely from the liquidation plan, TDI=s live allegations are all related to violations of statutes or rules and the issues require complex determinations of

11

fact that would be aided by an expertise in accounting and insurance practices. The propriety of accounting procedures, *i.e.*, the handling and reporting of inter-company enhancements, when and how disputed assets should be included in a financial report, and how reinsurance gains should be disclosed, and the application and interpretation of accounting and insurance rules and statutes are all questions best left for initial determination by agency staff who are knowledgeable of insurance and accounting norms and complex business transactions. *See Beacon Nat=l*, 86 S.W.3d at 271-72. Furthermore, the area of insurance regulation will be benefited by a uniform agency interpretation of accounting practices. *See id.* at 272. The resolution of appellants= issues will be well served by the district court=s decision to defer to TDI under the doctrine of primary jurisdiction. *See id.* at 271-72. The trial court did not err in abstaining from determining the issues related to the underlying TDI allegations. However, it was error for the trial court to dismiss appellants= declaratory judgment suit. *See David McDavid*, 84 S.W.3d at 221. Instead, the trial court should have abated the cause, pending resolution of the administrative proceedings below. *Id.* Once the issues have been initially determined at the administrative level, appellants can then seek trial court determination of any remaining issues. Therefore, we reverse the trial court=s judgment and remand the cause with instructions to abate the cause pending resolution of the administrative proceedings.

 

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

12

Reversed and Remanded

Filed:   March 27, 2003