## TEXAS DEPARTMENT OF TRANSPORTATION, Petitioner,

v.

## AER–AEROTRON, INC., Respondent.

### No. 99–1070.

Supreme Court of Texas.

Argued Sept. 20, 2000.

Decided Feb. 1, 2001.

Rehearing Overruled April 5, 2001.

Gregory S. Coleman, Julie Caruthers Parsley, William Rich Thompson, II, Susan Desmarais Bonnen, John Cornyn, Andy Taylor, Linda Eads, Office of Atty. Gen., Austin, for Petitioner.

Elizabeth G. Bloch, Tonia Lea Lucio, Hilgers & Watkins, Austin, for Respondent.

Justice BAKER delivered the opinion of the Court in which Chief Justice PHILLIPS, Justice HECHT, Justice OWEN, Justice ABBOTT, and Justice HANKINSON joined.

The issue in this case involves whether the State may waive its immunity from suit by its conduct. The court of appeals held that by accepting benefits under a contract the State waives its immunity from suit. 997 S.W.2d 687, 692. We disagree. Today in *General Services Commission v. Little–Tex Insulation Co.,* 39

S.W.3d 591 (Tex.2001), we declined to adopt a waiver-by-conduct exception to sovereign immunity because the Legislature has established an administrative process for resolving certain breach-of-contract claims against the State. *See* TEX. GOV'T CODE § 2260.001–.108. Accordingly, we hold that Aer–Aerotron may not pursue its claim against the State without first participating in Chapter 2260's administrative process. *See Little–Tex Insulation Co.*, 39 S.W.3d at 595. The trial court properly dismissed Aer–Aerotron's suit. We therefore reverse the courts of appeals' judgment and dismiss Aer–Aerotron's claim for want of jurisdiction.

Justice ENOCH filed a dissenting opinion.

Justice O'NEILL did not participate in the decision.

Justice ENOCH, dissenting.

For the reasons expressed in my dissent in *General Services Commission v. Little–Tex Insulation Company*,[1] I respectfully dissent.