LUENGAS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-036-CV

ALEJANDRO LUENGAS APPELLANT

V.

UNIVERSITY OF NORTH TEXAS APPELLEE

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Alejandro Luengas appeals from the trial court’s order granting the University of North Texas’s (UNT) plea to the jurisdiction.  
In one issue, appellant asserts that 
(1) the trial court erred in granting UNT’s plea to the jurisdiction because appellant’s pleadings show that UNT waived its sovereign immunity and (2) the trial court erred in granting UNT’s motion to dismiss because appellant’s pleadings establish causes of action for wrongful termination and slander.

Factual Background

Appellant was an employee of UNT.  UNT charged him with falsifying time records, deliberately avoiding work, dishonest and unethical actions, failure to abide by university policies and rules, and willful disobedience.  UNT’s President approved of appellant’s termination after UNT held a complete administrative hearing.  Subsequently, on July 29, 2005, appellant filed suit claiming wrongful termination.

On August 30, 2005, UNT filed a special exception alleging that appellant had identified no unlawful basis for his employment termination under Texas law.  The trial court granted the special exception and ordered appellant to replead within fourteen days.  Thirty days later, appellant filed his “First Amended Original Petition.”  In it, appellant reasserted his wrongful termination claim and added a slander claim.

In response, on December 1, 2005, UNT filed its Motion to Dismiss and Second Plea to the Jurisdiction.  UNT argued that it was a governmental entity entitled to sovereign immunity, that its immunity had not been waived, and that appellant’s wrongful termination claim failed to state a claim upon which relief could be granted.  The trial court granted UNT’s plea to the jurisdiction and motion to dismiss.

Standard of Review

Sovereign immunity defeats a trial court’s subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction.  
See Tex. Dep’t of Parks & Wildlife v. Miranda
, 133 S.W.3d 217, 225-26 (Tex. 2004); 
Tex. Dep’t of Transp. v. Andrews
, 155 S.W.3d 351, 355-56 (Tex. App.—Fort Worth 2004, pet. denied).  The trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed.  
Miranda, 
133 S.W.3d at 226.

We review the trial court’s ruling on a plea to the jurisdiction based on immunity from suit under a de novo
 
standard of review.  
Id.
 at 225-26, 228; 
Tex. Natural Res. Conservation Comm'n v. IT-Davy
, 74 S.W.3d 849, 855 (Tex. 2002); 
Andrews
, 155 S.W.3d at 355-56.  Whether undisputed evidence of jurisdictional facts establishes a trial court’s jurisdiction is a question of law.  
Miranda
, 133 S.W.3d at 226.  Here, the nature of appellant’s claims is not disputed; rather, it is the legal effect of those claims that is disputed.  Thus, we determine as a matter of law whether the undisputed facts establish jurisdiction.

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court’s jurisdiction to hear the cause.  
Id.
; 
Tex. Ass'n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993).  We construe the pleadings liberally in favor of the plaintiff and look to the pleader’s intent.  
Miranda
, 133 S.W.3d at 226; 
Tex. Ass'n of Bus.
, 852 S.W.2d at 446.

Analysis

In his sole issue, appellant first contends that the trial court erred by granting UNT’s plea to the jurisdiction.  UNT contends that it has sovereign immunity from appellant’s suit because his suit is for wrongful termination and slander, intentional torts for which immunity is not waived under the Texas Tort Claims Act (TTCA).

The State of Texas, even if it has committed tortious acts, is immune from suit unless it consents to be sued.  
Fed. Sign v. Tex. S. Univ
., 951 S.W.2d 401, 405 (Tex. 1997) (holding that immunity from suit bars a remedy until the legislature consents to suit).
  As an agency of the State, UNT enjoys the protection afforded by this sovereign immunity, except in instances where immunity has been expressly waived by statute.  
See
 
Delaney v. Univ. of Houston
, 835 S.W.2d 56, 58-59 (Tex. 1992); 
see also Fed. Sign
, 951 S.W.2d at 405 (stating that a suit against an agency of the state is considered a suit against the State of Texas).  

It is well settled that for the legislature to waive the State’s sovereign immunity, a statute or resolution must contain a clear and unambiguous expression of the legislature’s waiver of immunity.
  Univ. of Tex. Med. Branch at Galveston v. York
, 871 S.W.2d 175, 177 (Tex. 1994); 
see also Wichita Falls State Hosp. v. Taylor
, 106 S.W.3d 692, 695-96 (Tex. 2003).  In 2001, the legislature ratified this approach by adding section 311.034 to the Code Construction Act.  
Tex. Gov’t Code Ann
. § 311.034 (Vernon Supp. 2006); 
see Wichita Falls State Hosp
., 106 S.W.3d at 695-96.  This section states that “[i]n order to preserve the legislature’s interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.”  
Tex. Gov’t Code Ann
. § 311.034. 

The TTCA provides a limited waiver of immunity from suit and liability for certain claims.  
Tex. Civ. Prac. & Rem. Code
 
Ann.
 § 101.021 (Vernon 2005); 
Tex. A & M Univ. v. Bishop
, 156 S.W.3d 580, 583 (Tex. 2005); 
Prairie View A & M Univ. v. Brooks
, 180 S.W.3d 694, 703 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  But the TTCA does not waive that immunity for intentional torts.  
Tex. Civ. Prac. & Rem. Code
 
Ann.
 § 101.057(2); 
Tex. Dep’t of Pub. Safety v. Petta
, 44 S.W.3d 575, 580 (Tex. 2001).  Wrongful termination and slander, the claims asserted by appellant, are intentional torts.  
See Hurlbut v. Gulf Atlantic Life Ins. Co., 
749 S.W.2d 762, 766 (Tex. 1987); 
Univ. of Tex. Med. Branch at Galveston v. Hohman
, 6 S.W.3d 767, 777 (Tex. App.—Houston [1st Dist.] 1999, pet. dism’d w.o.j.) (op. on reh’g).  Thus, UNT has not waived its sovereign immunity from suit and liability under the TTCA.

Regardless, appellant also contends that UNT waived its immunity by “accepting some of the benefits of the administrative hearing system.”   Appellant’s brief simply asserts this broad statement; it does not elaborate on how UNT’s use of the administrative hearing process constituted an immunity waiver.  The only authority appellant cites to support his claim is 
Texas A&M University–Kingsville v. Lawson
, 28 S.W.3d 211, 214-215 (Tex. App.—Austin 2000), 
aff’d
 87 S.W.3d 518 (Tex. 2002).  However, the 
Lawson
 decision regards a settlement agreement breach, not claims of intentional torts.  
See id. 
 There, the court found waiver of sovereign immunity because the state agency accepted the benefits of the settlement agreement while refusing to perform its own obligations under the agreement.  
Id
.  Therefore, 
Lawson
 is wholly unrelated to appellant’s claim.
(footnote: 2)  Appellant’s brief provides no explanation of how UNT waived immunity merely by using the administrative hearing process.   
Because UNT did not waive its immunity, the trial court did not have subject matter jurisdiction to hear appellant’s wrongful termination and slander claims.  The trial court, recognizing this, correctly granted UNT’s plea to the jurisdiction and dismissed the claims.  Accordingly, we overrule appellant’s issue.
(footnote: 3)  

Conclusion
 

Having overruled appellant’s sole issue, we affirm the trial court’s judgment. 

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, WALKER, and MCCOY, JJ.

DELIVERED: October 5, 2006 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant notes that employees who participate in the administrative hearing process can “resort to the court for justice and determination of the issues.”  Judicial review is available for administrative hearing decisions under the Administrative Procedure Act (APA).  
Tex. Gov’t Code Ann.
 § 2001.171 (Vernon 2000); 
Tex. Dep’t of Protective & Regulatory Servs. v. Mega Child Care, Inc
., 145 S.W.3d 170, 196 (Tex. 2004).  Further, since section 2001.171 of the APA allows employees to appeal final administrative decisions to the judiciary system, section 2001.171 provides a limited waiver of sovereign immunity.  
Tex. Gov’t Code Ann.
 § 2001.171; 
Mega Child Care
, 145 S.W.3d at 198.  However, appellant does not allege in either his original or amended petition that he appealed the administrative decision itself in accordance with the APA.  Further, the sovereign immunity waiver discussed in 
Mega Child Care
 does not extend so far as to encompass appellant’s claims.  
See 
145 S.W.3d at 198. 
  

3:
In light of our disposition of this issue, we need not address appellant’s argument that the trial court erred by granting UNT’s motion to dismiss his wrongful termination claim for failure to state a claim upon which relief can be granted.  
See
 
Tex. R. App. P.
 47.4.