COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-036-CV

 

 

ALEJANDRO LUENGAS                                                         APPELLANT

 

 

                                                   V.

 

 

UNIVERSITY OF NORTH TEXAS                                                APPELLEE

 

 

                                              ------------

 

            FROM
THE 393RD DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Alejandro Luengas
appeals from the trial court=s order granting the University of North Texas=s (UNT) plea to the jurisdiction. 
In one issue, appellant asserts that (1) the trial court erred in
granting UNT=s plea to
the jurisdiction because appellant=s pleadings show that UNT waived its sovereign immunity and (2) the
trial court erred in granting UNT=s motion to dismiss because appellant=s pleadings establish causes of action for wrongful termination and
slander.

                                       Factual Background

Appellant was an employee of
UNT.  UNT charged him with falsifying
time records, deliberately avoiding work, dishonest and unethical actions,
failure to abide by university policies and rules, and willful
disobedience.  UNT=s President approved of appellant=s termination after UNT held a complete administrative hearing.  Subsequently, on July 29, 2005, appellant
filed suit claiming wrongful termination.

On August 30, 2005, UNT filed
a special exception alleging that appellant had identified no unlawful basis for
his employment termination under Texas law. 
The trial court granted the special exception and ordered appellant to
replead within fourteen days.  Thirty
days later, appellant filed his AFirst Amended Original Petition.@  In it, appellant reasserted
his wrongful termination claim and added a slander claim.








In response, on December 1,
2005, UNT filed its Motion to Dismiss and Second Plea to the Jurisdiction.  UNT argued that it was a governmental entity
entitled to sovereign immunity, that its immunity had not been waived, and that
appellant=s wrongful
termination claim failed to state a claim upon which relief could be granted.  The trial court granted UNT=s plea to the jurisdiction and motion to dismiss.

Standard of Review

Sovereign immunity defeats a
trial court=s subject
matter jurisdiction and thus is properly asserted in a plea to the
jurisdiction.  See Tex. Dep=t of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 225-26 (Tex. 2004); Tex. Dep=t of Transp. v. Andrews, 155 S.W.3d
351, 355-56 (Tex. App.CFort Worth
2004, pet. denied).  The trial court must
determine at its earliest opportunity whether it has the constitutional or
statutory authority to decide the case before allowing the litigation to
proceed.  Miranda, 133 S.W.3d at
226.

We review the trial court=s ruling on a plea to the jurisdiction based on immunity from suit
under a de novo standard of review. 
Id. at 225-26, 228; Tex. Natural Res. Conservation Comm'n v.
IT‑Davy, 74 S.W.3d 849, 855 (Tex. 2002); Andrews, 155 S.W.3d
at 355-56.  Whether undisputed evidence
of jurisdictional facts establishes a trial court=s jurisdiction is a question of law. 
Miranda, 133 S.W.3d at 226. 
Here, the nature of appellant=s claims is not disputed; rather, it is the legal effect of those
claims that is disputed.  Thus, we
determine as a matter of law whether the undisputed facts establish
jurisdiction.








When a plea to the
jurisdiction challenges the pleadings, we determine if the pleader has alleged
facts that affirmatively demonstrate the court=s jurisdiction to hear the cause. 
Id.; Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993).  We construe
the pleadings liberally in favor of the plaintiff and look to the pleader=s intent.  Miranda, 133
S.W.3d at 226; Tex. Ass'n of Bus., 852 S.W.2d at 446.

Analysis

In his sole issue, appellant
first contends that the trial court erred by granting UNT=s plea to the jurisdiction.  UNT
contends that it has sovereign immunity from appellant=s suit because his suit is for wrongful termination and slander,
intentional torts for which immunity is not waived under the Texas Tort Claims
Act (TTCA).








The State of Texas, even if
it has committed tortious acts, is immune from suit unless it consents to be
sued.  Fed. Sign v. Tex. S. Univ.,
951 S.W.2d 401, 405 (Tex. 1997) (holding that immunity from suit bars a remedy
until the legislature consents to suit). 
As an agency of the State, UNT enjoys the protection afforded by this
sovereign immunity, except in instances where immunity has been expressly
waived by statute.  See Delaney
v. Univ. of Houston, 835 S.W.2d 56, 58‑59 (Tex. 1992); see also
Fed. Sign, 951 S.W.2d at 405 (stating that a suit against an agency of the
state is considered a suit against the State of Texas).  

It is well settled that for
the legislature to waive the State=s sovereign immunity, a statute or resolution must contain a clear and
unambiguous expression of the legislature=s waiver of immunity.  Univ.
of Tex. Med. Branch at Galveston v. York, 871 S.W.2d 175, 177 (Tex. 1994); see
also Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 695-96 (Tex.
2003).  In 2001, the legislature ratified
this approach by adding section 311.034 to the Code Construction Act.  Tex.
Gov=t Code Ann. ' 311.034 (Vernon Supp. 2006); see Wichita Falls State Hosp.,
106 S.W.3d at 695-96.  This section
states that A[i]n order
to preserve the legislature=s interest in managing state fiscal matters through the appropriations
process, a statute shall not be construed as a waiver of sovereign immunity
unless the waiver is effected by clear and unambiguous language.@  Tex. Gov=t Code Ann. ' 311.034.    








The TTCA provides a limited
waiver of immunity from suit and liability for certain claims.  Tex.
Civ. Prac. & Rem. Code Ann.
' 101.021 (Vernon 2005); Tex. A & M Univ. v. Bishop, 156
S.W.3d 580, 583 (Tex. 2005); Prairie View A & M Univ. v. Brooks, 180
S.W.3d 694, 703 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 
But the TTCA does not waive that immunity for intentional torts.  Tex.
Civ. Prac. & Rem. Code Ann.
' 101.057(2); Tex. Dep=t of Pub. Safety v. Petta, 44 S.W.3d
575, 580 (Tex. 2001).  Wrongful
termination and slander, the claims asserted by appellant, are intentional
torts.  See Hurlbut v. Gulf Atlantic
Life Ins. Co., 749 S.W.2d 762, 766 (Tex. 1987); Univ. of Tex. Med.
Branch at Galveston v. Hohman, 6 S.W.3d 767, 777 (Tex. App.CHouston [1st Dist.] 1999, pet. dism=d w.o.j.) (op. on reh=g).  Thus, UNT has not waived
its sovereign immunity from suit and liability under the TTCA.








Regardless, appellant also
contends that UNT waived its immunity by Aaccepting some of the benefits of the administrative hearing system.@   Appellant=s brief simply asserts this broad statement; it does not elaborate on
how UNT=s use of the administrative hearing process constituted an immunity
waiver.  The only authority appellant
cites to support his claim is Texas A&M UniversityBKingsville v. Lawson, 28 S.W.3d
211, 214-215 (Tex. App.CAustin
2000), aff=d 87 S.W.3d 518 (Tex. 2002). 
However, the Lawson decision regards a settlement agreement
breach, not claims of intentional torts. 
See id.  There, the court
found waiver of sovereign immunity because the state agency accepted the
benefits of the settlement agreement while refusing to perform its own obligations
under the agreement.  Id.  Therefore, Lawson is wholly unrelated
to appellant=s claim.[2]  Appellant=s brief provides no explanation of how UNT waived immunity merely by
using the administrative hearing process. 
  Because UNT did not waive its
immunity, the trial court did not have subject matter jurisdiction to hear
appellant=s wrongful
termination and slander claims.  The
trial court, recognizing this, correctly granted UNT=s plea to the jurisdiction and dismissed the claims.  Accordingly, we overrule appellant=s issue.[3]  

 

 








                                             Conclusion            

Having overruled appellant=s sole issue, we affirm the trial court=s judgment. 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL A:   LIVINGSTON, WALKER, and MCCOY, JJ.

 

DELIVERED:
October 5, 2006        











[1]See Tex. R. App. P. 47.4.





[2]Appellant
notes that employees who participate in the administrative hearing process can Aresort
to the court for justice and determination of the issues.@  Judicial review is available for
administrative hearing decisions under the Administrative Procedure Act
(APA).  Tex.
Gov=t
Code Ann. '
2001.171 (Vernon 2000); Tex. Dep=t of Protective &
Regulatory Servs. v. Mega Child Care, Inc., 145 S.W.3d 170, 196
(Tex. 2004).  Further, since section
2001.171 of the APA allows employees to appeal final administrative decisions
to the judiciary system, section 2001.171 provides a limited waiver of sovereign
immunity.  Tex. Gov=t Code Ann. '
2001.171; Mega Child Care, 145 S.W.3d at 198.  However, appellant does not allege in either
his original or amended petition that he appealed the administrative decision
itself in accordance with the APA. 
Further, the sovereign immunity waiver discussed in Mega Child Care
does not extend so far as to encompass appellant=s
claims.  See 145 S.W.3d at 198.   





[3]In
light of our disposition of this issue, we need not address appellant=s
argument that the trial court erred by granting UNT=s
motion to dismiss his wrongful termination claim for failure to state a claim
upon which relief can be granted.  See
Tex. R. App. P. 47.4.