

# NUMBER 13-07-255-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

THE DONNA INDEPENDENT SCHOOL                    Appellants,
DISTRICT, ET AL.,

v.

DAMON GRACIA,                                            Appellee.

---

## On appeal from County Court at Law No. 2
## of Hidalgo County, Texas

---

# CONCURRING MEMORANDUM OPINION

### Before Chief Justice Valdez, Justices Garza and Vela
### Concurring Memorandum Opinion by Justice Vela

I concur in the majority's decision to dismiss this case for lack of jurisdiction.

However, I would analyze the case in the manner it was presented and argued to the trial

court below.

The District filed a plea to the jurisdiction, asserting that the District, school board and superintendent were each entitled to immunity because the District is a governmental agency and sovereign immunity protects agencies, officials, and employees. The District urged that immunity had not been waived for either a breach of contract action based on a settlement agreement or Gracia's other claims. Gracia argued that immunity was waived by the Texas Local Government Code. *See* TEX. LOC. GOVT. CODE ANN. §§ 271.151-.159 (Vernon 2005). He urged that the local government code's waiver of immunity applied because the settlement agreement arose from his teaching contract which was a claim for services.

Absent the State's consent to suit, a trial court has no subject matter jurisdiction over claims against the State. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). A school district is a unit of government. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (Vernon 2005). It is also a local governmental entity. TEX. LOC. GOV'T CODE ANN. § 271.151(3)(B).

Here, the District sought dismissal claiming that it was entitled to immunity and that the local government code does not provide a waiver of immunity under this particular agreement. I believe the District correctly answered Gracia's argument. In 2005, the Legislature enacted sections 271.151 through 271.159 of the Texas Local Government Code, waiving immunity from suit for certain contract claims against most local governmental entities. With respect to claims involving independent school districts, the supreme court has said that section 11.151(a) of the Texas Education Code, which provides that the trustees of an independent school district may sue and be sued, is not

2

a clear and unambiguous waiver of immunity. *Lamesa Ind. Sch. Dist. v. Booe*, 235 S.W.3d 710 (Tex. 2007) (per curiam); TEX. EDUC. CODE ANN. § 11.151(a) (Vernon 2006).

Therefore, I believe the issue narrows specifically to whether the District is immune and whether that immunity has been waived pursuant to the local government code as the parties argued below. The local government code expressly waives immunity solely for the purpose of adjudicating a claim for breach of contract, provided that the contract is a "written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." TEX. LOC. GOV'T CODE ANN. § 271.151(2). In this case, a review of the contract in general and, specifically, the provision that Gracia claims the District breached, is clearly not a written contract for goods or services provided to the District.

I believe that a discussion of *Lawson* is not imperative to our analysis here because that case involved a Whistleblower claim and the government code specifically waives immunity for those claims. *See Tex. A&M Univ.-Kingsville v. Lawson*, 87 S.W.3d 518 (Tex. 2002). Here, the only waiver asserted with respect to Gracia's breach of contract issue was pursuant to the local government code. The holding, in *Lawson*, is that a governmental entity may not claim immunity for breach of a settlement agreement when it settles a case for which it is not immune. *Id.* at 518. Here, Gracia provided no theory under which the District's immunity was waived. In *Lawson*, the court stated that the governmental entity should not regain waived immunity by settling a case. *Id*. at 522. Here, the District did not waive its immunity by entering into the settlement agreement.

3

Therefore, I concur in the result.


        Rose Vela
        Justice


Concurring Memorandum Opinion
delivered and filed this 23rd day of October, 2008.

4