

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| COUNTY OF EL PASO, | § | No. 08-23-00173-CV |
| Appellant, | § | Appeal from the |
| v. | § | 448th Judicial District Court |
| JUANA M. AVILA, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2015DCV1531) |

## MEMORANDUM OPINION

The County of El Paso (the County) appeals an order denying its plea to the jurisdiction. Appellee Juana M. Avila sued the County alleging it had breached a settlement agreement it reached with her following the settlement of an employment-related lawsuit from which the County was not immune. In its sole issue on appeal, the County asserts Avila failed to meet her evidentiary burden of showing she fulfilled all conditions precedent necessary to trigger a breach by the County. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Avila began employment with the County in 1999 as a cashier at the County Clerk's Office. Avila remained in that position until 2012 when she was terminated. Following her termination, Avila filed an original petition against the County for violations of the Family & Medical Leave

Act of 1993 (FMLA). The case was removed to federal court and set for a jury trial. On September 19, 2013, the County and Avila entered into a Settlement Agreement and Release of All Claims (the Settlement Agreement), which compromised and settled the pending wrongful termination lawsuit.

Pursuant to the Settlement Agreement, Avila agreed to settle her entire claim for the aggregate sum of $65,000. Among other terms and conditions, the County agreed to reinstate Avila "within a reasonable time to an available position of employment with the County subject to her approval and the approval of the official or department head overseeing the job selected." In seeking reinstatement, the Settlement Agreement required Avila to be qualified for the available position and imposed on her the responsibility to seek employment with the County. Upon reinstatement, Avila would receive 420.14 hours of sick leave as additional consideration subject to certain restrictions. In exchange, Avila acknowledged she "hereby releases and forever discharges" the County "for any and all damages stemming from the above-mentioned incident."

Following settlement, the parties filed a Joint Stipulation of Dismissal requesting the court dismiss the pending case. However, the stipulation provided that the court would have and retain supplemental or ancillary jurisdiction, or both, for purposes of enforcing the settlement agreement between the parties. On September 26, 2013, the federal district court entered an order dismissing the case.

On May 6, 2015, Avila filed suit against the County asserting the County breached the Settlement Agreement by failing to reinstate her to an available position. Avila requested damages and attorney's fees. Avila further alleged that all conditions precedent to the filing of the action have been fulfilled.

In October 2019, the County filed its plea to the jurisdiction asserting Avila failed to plead sufficient jurisdictional facts to establish a waiver of immunity. The County asserted it had fulfilled every provision of the Settlement Agreement showing that Avila was reinstated on October 10, 2017, and that she received the precedent payment. The County attached as evidence to its plea a copy of the Settlement Agreement, Avila's new hire letter, and an excerpt from Avila's deposition.

In response to the plea, Avila asserted the County was never immune from the underlying claims of the Settlement Agreement and, therefore, it could not create immunity by contracting with her to release her claims. Avila attached to her response her own affidavit where she averred that she had applied for rehire with the County by applying 17 times to publicly posted positions, yet she was not even given interviews.[1] Further, she attested to her belief that the amount of time that passed from when she applied and when she was ultimately re-hired was not reasonable. In addition to her own affidavit, Avila attached to her response the full deposition transcripts of herself and two other employees with the County.

Following a hearing on the plea, the trial court issued an order denying the County's plea to the jurisdiction. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). In a single issue on appeal, the County asserts the trial court erred in denying the plea to the jurisdiction.

## STANDARD OF REVIEW

A plea to the jurisdiction is a challenge to the subject matter jurisdiction of the court hearing the case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A court cannot decide a case in the absence of subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852

---

[1] From produced discovery, Avila showed she applied for positions with the County an additional 12 times.

S.W.2d 440, 443–44 (Tex. 1993). As subject matter jurisdiction will not be presumed, the plaintiff has the burden of pleading facts to establish its existence. *Id.* at 443–44, 446. "Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We look only to the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry while eschewing examination of the merits of the case. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). The court of appeals credits as true all evidence favoring the nonmovant and draws all reasonable inferences and resolves any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228.

Texas counties enjoy governmental immunity from suit which, to the extent it applies, deprives a court of its subject matter jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). "The party suing the governmental entity must establish the state's consent, which may be alleged either by reference to a statute or to express legislative permission." *City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011).

### ANALYSIS

In its sole issue, the County asserts the trial court erred in denying its plea to the jurisdiction because Avila failed to establish a valid waiver of immunity. The County asserts Avila failed to sufficiently plead any cause of action that pierces the County's immunity. Furthermore, the County contends evidence shows, as a matter of law, the County fulfilled every obligation it had under the Settlement Agreement and did not breach that agreement. In opposing, Avila asserts she sufficiently plead a waiver of immunity because, by the County entering into the Settlement

4

Agreement, it agreed to settle classes of claims from which it was not immune, and it cannot now claim immunity from suit in an action alleging a breach of the settlement agreement.

Avila argues the Supreme Court of Texas's decision in *Lawson* is controlling. *See Texas A & M Univ.-Kingsville v. Lawson*, 87 S.W.3d 518, 521 (Tex. 2002) (plurality opinion). In *Lawson*, a former employee sued a state university alleging the university breached a settlement agreement it had entered with the employee to settle his wrongful termination lawsuit. *Id.* at 518–19. Lawson's original suit asserted the university violated the Whistleblower Act after it terminated his employment. *Id.* at 518. Lawson and the university subsequently reached a settlement agreement where one of the terms obligated the university to confirm to potential employers that he had been employed with the university as an "assistant professor." *Id.* at 519. Lawson alleged the university breached the settlement agreement by telling a potential employer that Lawson had been an "instructor," and further refused to elaborate on what was meant by that designation. *Id.* In considering the university's plea to the jurisdiction based on immunity, the Texas Supreme Court held that Lawson had been entitled to sue the university for violating the statute prior to entering into the settlement agreement. *Id.* at 521. Explaining how the waiver of immunity extended from Lawson's whistleblower claim to his later breach of settlement claim, the Supreme Court stated, "when a governmental entity is exposed to suit because of a waiver of immunity, it cannot nullify that waiver by settling the claim with an agreement on which it cannot be sued." *Id.* The Court added, "[o]nce the Legislature has decided to waive immunity for a class of claims, the inclusion of settlements within the waiver is consistent with that decision." *Id.* at 522; *see also Hughes v. Tom Green County*, 573 S.W.3d 212, 221 (Tex. 2019) (reaffirming *Lawson* stating, "*Lawson* provides that a governmental entity cannot create immunity for itself by settling a claim

for which it lacks immunity only to assert immunity from suit in a subsequent action to enforce the government's agreement").

Avila contends this case meets the standard set by *Lawson* and the County cannot "nullify that waiver by settling the claim with an agreement on which it cannot be sued." *Lawson*, 87 S.W.3d at 521–22. The County does not contest that it was not immune from Avila's original suit for wrongful termination and violation of FMLA. Moreover, the County acknowledges that it would not be immune from a suit for breach of the settlement agreement which stems from underlying claims it was not immune. Rather, the County's complaint is that it did not breach the Settlement Agreement with Avila, as a matter of law, because it completed all it was required to do after Avila completed all her conditions precedent. For this reason, it asserts that Avila failed to plead a cause of action waiving its immunity.

Only a few years ago, however, this Court rejected the County's same argument, which was accompanied by similar background facts. *See County of El Paso v. Mijares*, 630 S.W.3d 169, 171 (Tex. App.—El Paso 2020, pet. denied). In *Mijares*, the case concerned two former employees of the County who filed suit against the County in 2012 for violations of the Fair Labor Standards Act and retaliation for filing complaints. *Id.* Like this case, the County did not contest that it was not immune from the asserted claims and entered into a settlement agreement with the two plaintiffs. *Id.* The settlement agreement called for monetary payments to each plaintiff. A specific contract term also provided that each "will be re-hired to a position of employment with the County subject to [plaintiff's] approval and the approval of the official or department head overseeing the job selected." *Id.* In 2016, the *Mijares* plaintiffs filed suit against the County asserting breach of the settlement agreement among other claims. *Id.* Plaintiffs' petition alleged all conditions precedent were fulfilled and that they applied for vacant positions which they were qualified for

6

with the County, but they were not rehired. *Id.* In responding, the County filed a plea to the jurisdiction asserting it owed no unconditional contractual obligation to rehire either plaintiff. *Id.* at 172. After the trial court denied the County's plea, we affirmed the ruling on appeal. *Id.*

This Court held that "the waiver of immunity in this dispute was established before this suit was ever filed." *Id.* at 174 (citing *Lawson*, 87 S.W.3d at 521 ("[W]hen a governmental entity is exposed to suit because of a waiver of immunity, it cannot nullify that waiver by settling the claim with an agreement on which it cannot be sued.")). Because the County conceded its immunity had been waived as to the plaintiffs' original employment-related claims, we concluded the same waiver of immunity carried forward to the subsequent claims of breach of settlement agreement. *Id.* Furthermore, although the County's arguments relied on a proper interpretation of the settlement agreements and whether there existed an unconditional obligation to rehire plaintiffs, we reasoned that "[i]mmunity from suit [did] not turn on the validity of the settlement agreement [that was] sued on." *Id.* (quoting *Lawson*, 87 S.W.3d at 523). As *Lawson* had explained, "[o]nce the Legislature has decided to waive immunity for a class of claims, the inclusion of settlements within the waiver is consistent with that decision." *Lawson*, 87 S.W. 3d at 522.

Here, the County attempts to distinguish our holding in *Mijares* by pointing out it had not rehired either plaintiff of the case. But here, it contends it "promptly reinstated" Avila. The County argues Avila confuses conditions precedent with conditions subsequent contending that Avila's assertion that she was not reinstated within a reasonable time is an argument that "ignores the conditions precedent of approval of an official or department head overseeing the job selected and that she must be qualified for the position." The County asserts that because the Settlement Agreement is "plain on its face" as to this provision, that we must interpret this dispute as a matter of law. We disagree.

Similar to *Mijares*, Avila sufficiently pleaded that all conditions precedent were fulfilled. *Mijares*, 630 S.W. 3d at 173 (citing TEX. R. CIV. P. 54). Moreover, like in *Mijares*, the County's argument similarly depends on the County's contentions about the proper interpretation of the Settlement Agreement. Although the County's argument urges that its obligation to rehire Avila was not triggered until she completed all her conditions precedent, and thus it had no unconditional obligation to rehire, this argument still "depend[s] heavily on [the County's] contentions about the proper interpretation of the settlement agreements." *Id.* at 174. Responding, Avila contends the distinction that she was eventually reinstated is relevant to the extent of her damages, but it is not relevant to the jurisdictional inquiry of this case. Consistent with *Mijares*, we agree with Avila.

We conclude the County's immunity has been waived with respect to Avila's pleaded claim for breach of the settlement agreement. To the extent there remains a dispute over the merits of her claim and the extent of damages, if any, we express no opinion as those issues exceed the scope of our jurisdictional inquiry.

We overrule the County's sole issue.

## CONCLUSION

We affirm the trial court's denial of the County's plea to the jurisdiction.


GINA M. PALAFOX, Justice

March 27, 2024

Before Alley, C.J., Palafox and Soto, JJ.

8