

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-14-00057-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

**ALAMO AIRCRAFT SUPPLY, INC.**, Alamo Aircraft, Ltd.,
Wulfe Rentals, Ltd., and Lobo GC, Ltd.,
Appellees

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-08223
Honorable Larry Noll, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Catherine M. Stone, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  August 13, 2014

REVERSED AND RENDERED

In its efforts to widen Southwest 36th Street, appellant City of San Antonio filed a condemnation suit in probate court against owners of certain adjoining properties (Appellees). Thereafter, the parties executed a possession and use agreement (PUA) for the properties at issue. Later, with the condemnation suit still pending, Appellees sued the City in district court for breach of the PUA. They argued their breach of contract claim inherits the waiver of immunity from the City's condemnation suit. The City contended its immunity was not waived, but the trial court

denied the City's plea to the jurisdiction, and the City appeals.  We reverse the trial court's order and render judgment dismissing Appellees' suit.

**BACKGROUND**

**A.      Genesis of PUA**

In its street-widening project, the City negotiated with Appellees to purchase portions of their properties which adjoin Southwest 36th Street.  After negotiations failed, the City began condemnation proceedings in probate court.  To secure certain project funding, the City sought and obtained the PUA.  The parties do not contest the validity or content of the PUA, but they dispute its nature.  They disagree whether it is a partial settlement of the City's condemnation suit which extends the City's waiver of immunity to Appellees' breach of contract cause of action.

**B.      PUA Overview**

Under the PUA, the City deposited certain funds into the court's registry.  In return, it received immediate possession of portions of the properties subject to specified conditions.  In other terms, the parties agreed the only remaining issues to be litigated were (1) the amount of money each landowner and tenant was due as compensation for the property taken (and associated damages) and (2) the City's right to take portions of their properties.

**C.      Suit for Breach of PUA**

After the PUA was executed, the City entered into a separate contract with the street-widening project's prime contractor.  According to Appellees, the prime contract did not contain provisions protecting Appellees as required by the PUA.  When the prime contractor allegedly obstructed access to their properties, required Appellees to relocate personal property and fences without sufficient notice, and violated other terms of the PUA, Appellees sued the City for breach of the PUA and attorney's fees.

Citing *Lawson*, Appellees contended their breach of contract claim was not barred because the City waived its governmental immunity when it brought its condemnation suit[1] against them in probate court, and their breach of contract claims inherit that waiver. *See Tex. A & M Univ.- Kingsville v. Lawson*, 87 S.W.3d 518, 521 (Tex. 2002) (plurality opinion).

### D.    City's Plea to the Jurisdiction

In its plea to the jurisdiction, the City asserted immunity from suit. It insisted the PUA's plain language conclusively demonstrates it does not settle the condemnation claims, *Lawson* does not apply, and the City retained its immunity from Appellees' breach of contract suit. *See id.* The trial court denied the plea, and the City appeals.

### STANDARD OF REVIEW

"Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004).

### A.    Mirrors Summary Judgment Standard

The standard of review for a plea to the jurisdiction "generally mirrors that of a [traditional] summary judgment." *Id.* at 228 (referencing TEX. R. CIV. P. 166a(c)). After the plaintiff "allege[s] facts that affirmatively demonstrate a trial court's subject matter jurisdiction," *id.* at 226, the governmental entity must "assert[] and support[] with evidence [the proposition] that the trial court lacks subject matter jurisdiction," *id.* at 228. If the governmental entity meets its burden, the plaintiff must "show that there is a disputed material fact regarding the jurisdictional issue." *Id.* The court must "take as true all evidence favorable to the nonmovant [and] indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.*

---

[1] On an agreed motion, the trial court divided the City's condemnation suit into eight suits, one for each property.

**B.** **Undisputed Jurisdictional Evidence**

If the governmental entity does not challenge the sufficiency of the plaintiffs' pleadings, but instead challenges the jurisdictional efficacy of undisputed facts, the jurisdictional question is one of law. *Id.* at 226–28. "[I]f the relevant undisputed evidence negates jurisdiction, then the plea to the jurisdiction must be granted." *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007) (citing *Miranda*, 133 S.W.3d at 227–28).

We review a trial court's ruling on a plea to the jurisdiction de novo. *Holland*, 221 S.W.3d at 642; *Miranda*, 133 S.W.3d at 228.

## IMMUNITY FROM SUIT

**A.** **Governmental Immunity, Waiver**

In a suit against it for money damages, a city may assert governmental immunity "unless it has been waived." *Reata Const. Corp. v. City of Dall.*, 197 S.W.3d 371, 374 (Tex. 2006); *accord Tex. Natural Res. Conserv. Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002); *see City of Carrollton v. Singer*, 232 S.W.3d 790, 795 (Tex. App.—Fort Worth 2007, pet. denied) (addressing a city's governmental immunity).

A city's governmental immunity is waived if it exercises its right of eminent domain to acquire property, *see* TEX. CONST. art. I, § 17 (takings clause); *Holland*, 221 S.W.3d at 643; *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001), for the purpose of "widening . . . any alley, street, or other roadway," TEX. LOC. GOV'T CODE ANN. § 251.001(a) (West Supp. 2014).[2]

---

[2] A city may also waive its immunity from suit and liability by entering into certain contracts. TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005); *City of Hous. v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). However, Appellees do not contend the City waived its immunity from suit merely by executing the PUA.

**B.     Elements of Taking Claim**

Generally, the elements of a taking claim are that (1) a governmental entity acted intentionally and thereby took or damaged property (2) for a public use (3) without either adequately compensating the owner or obtaining the owner's consent.  TEX. CONST. art. I, § 17; *City of Austin v. Whittington*, 384 S.W.3d 766, 772 (Tex. 2012); *Little-Tex Insulation*, 39 S.W.3d at 598.  A city may exercise its right to take property through a condemnation suit.  TEX. PROP. CODE ANN. § 21.012 (West Supp. 2014); *Whittington*, 384 S.W.3d at 772–73.

**C.     Inheriting Waiver of Immunity under *Lawson***

The City does not dispute that its immunity from suit and liability is waived in its condemnation suits.  *See* TEX. CONST. art. I, § 17 (takings clause); *Holland*, 221 S.W.3d at 643.  However, it vigorously disputes Appellees' contention that their breach of contract cause of action inherits the condemnation suits' waiver of immunity under *Lawson*.  *See Lawson*, 87 S.W.3d at 522–23.  We begin by briefly reviewing *Lawson*.

*1.*     Texas A & M University-Kingsville v. Lawson

Lawson was a University faculty member whose employment was terminated.  *Id.* at 518.  Lawson sued the University for various civil claims including an alleged violation of the Whistleblower Act.  *Id.* at 518–19.  The University filed a plea to the jurisdiction and raised sovereign immunity.  *Id.* at 519.  The trial court sustained the plea against all of Lawson's claims except his Whistleblower Act[3] and constitutional claims.  *Id.*

Thereafter, the parties executed an agreement to settle all of Lawson's claims.  *Id.*  Lawson received a cash payment and promises from the University regarding how it would respond to

---

[3] The Whistleblower Act waives a governmental entity's immunity "for suits alleging violations of its provisions." *Lawson*, 87 S.W.3d at 521; *see* TEX. GOV'T CODE ANN. § 554.0035 (West 2012) (waiver of immunity).

inquiries about his employment history. *Id.* In return, Lawson released his claims and his suit was dismissed with prejudice. *Id.*

Later, after the University allegedly responded to inquiries about his employment history differently than agreed, Lawson sued for breach of the settlement agreement. *Id.* The University asserted its immunity from Lawson's suit for breach of contract. *Id.*

The court rejected the University's argument. *Id.* at 521. It held the State "may not . . . claim immunity from a suit brought to enforce a settlement agreement reached to dispose of a claim" for which the State's immunity had been waived. *Id.* at 522–23. In effect, *Lawson* allows a breach of settlement agreement cause of action to inherit the immunity waiver of the claim the agreement settled. *See id.*; *Singer*, 232 S.W.3d at 796.

Having reviewed *Lawson*, we turn to the PUA. We examine its terms to see if it settled a taking claim—a claim from which a breach of contract cause of action could inherit a waiver of the City's immunity. *See Lawson*, 87 S.W.3d at 522–23.

*2.      Possession and Use Agreement Terms*

The PUA includes a number of terms that impose requirements on the City and Appellees, but we focus on terms that might settle a taking claim. The following excerpts describe the PUA's effects on the condemnation suits.

> WHEREAS, Owners and Tenant and the City recognize and acknowledge that Owners'[] and Tenant's consent to the entry across, over, upon and under the Property and possession of the Property by the City *shall not be construed as a waiver of rights of Owners for (i) just compensation for the Property acquired, for compensation for damages, if any, to the remainder of the real property owned by Owners that may result from the City's use or acquisition of the Property taken and relocation costs or (ii) to challenge the right to take or possess the Property following the Special Commissioners' hearing*; and
>
> WHEREAS, *Owners and Tenant recognize and acknowledge the City's right to seek to acquire the Property by negotiation and/or by condemnation for the purposes stated herein, and that the City acknowledges that this Agreement shall*

*not alter or affect any other rights, claims, causes of action or defenses not covered herein that any party may assert*; and

WHEREAS, this consent to the entry and possession, being at the request of the City, is being given for the benefit of the City and the general public, with *the issues of total compensation due to Owners and Tenant for the taking of the Property, as well as the right to condemn, to be resolved in the future.*

. . .

*[T]he grant herein made shall not prejudice, in any way, Owner's right to (i) receive full and just compensation for the Property acquired, damages to the remainder of Owners' property, damages to the Tenant and relocation costs and expenses in accordance with the Uniform Relocation Act of the Owners and Tenant and / or (ii) seek disallowance of the condemnation.*

Possession and Use Agreement (emphasis added).

### 3. Effect of PUA's Terms

In considering the PUA and its terms, we note the City argues the PUA is unambiguous, and Appellees did not argue otherwise. Having reviewed the PUA, we agree the PUA terms at issue here "can be given a certain or definite legal meaning or interpretation," and thus they are not ambiguous. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983) (contract construction). Therefore, we construe the PUA as a matter of law. *See id.* We now address the arguments the parties make about the effect of the agreement.

#### a. Parties' Arguments

The City argues the PUA does not settle any aspect of their condemnation suits.

Appellees contend "the PUA arose in the context of a condemnation case, and partially settled or resolved issues in that condemnation case by," inter alia, allowing the City to take possession of the properties before the condemnation proceedings had concluded. They insist *Lawson* does not require a complete settlement of a parent claim in order for the child breach of contract cause of action to inherit the parent claim's waiver of immunity. *Cf. Lawson*, 87 S.W.3d

at 522–23 (addressing waiver of immunity in "a suit brought to enforce a settlement agreement reached to dispose of a claim" for which the governmental entity's immunity was waived).

####        b.        Terms Addressing Taking Claim Elements

We consider whether the PUA settled or disposed of a claim for which the City's immunity was waived—i.e., the City's taking of portions of their properties.

In this suit's context, the elements of a taking claim are (1) the City exercised its powers of eminent domain to take Appellees' property (2) for a public use (3) without adequate compensation or Appellees' consent. *See* TEX. CONST. art. I, § 17; *Whittington*, 384 S.W.3d at 772. The parties do not dispute that Appellees did not consent to the taking, the City acted intentionally and took portions of their properties, and the taking was for a public use. Thus, we examine the PUA to see if it settled either of the two remaining aspects of a taking claim: the right to take the property, or the amount of adequate compensation.

####        c.        Express Disclaimer of Settlement

The PUA's plain language is dispositive. It expressly leaves "the issues of total compensation due to Owners and Tenant for the taking of the Property, as well as the right to condemn, to be resolved in the future." It adds that the agreement "shall not prejudice, in any way, Owner's right to (i) receive full and just compensation for the Property acquired . . . or (ii) seek disallowance of the condemnation."

These provisions, and the other excerpts provided above, are clear and unambiguous. They expressly disavow that the PUA settles either the amount of adequate compensation or the City's right to take the properties. Considering these express terms, we conclude that, unlike Lawson's agreement that settled his Whistleblower claim, the PUA does not settle or dispose of any claim

for which the City's immunity was waived.[4] *See Lawson*, 87 S.W.3d at 522–23. Thus, Appellees' breach of contract cause of action does not inherit the taking claim's waiver of immunity.[5] *See id.*

Because the City's immunity to Appellees' breach of contract cause of action was not waived under *Lawson*, the trial court was required to grant the City's plea absent some other waiver of the City's immunity. *See Holland*, 221 S.W.3d at 643 (citing *Miranda*, 133 S.W.3d at 227–28) ("[I]f the relevant undisputed evidence negates jurisdiction, then the plea to the jurisdiction must be granted.").

## D. Waiver of Immunity by Statute

In its plea to the jurisdiction the City contended its immunity was not waived by statute. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151–160 (West 2005 & Supp. 2013). It attached a copy of the PUA and cited *City of San Antonio v. Reed S. Lehman Grain, Ltd.*, No. 04-04-00930-CV, 2007 WL 752197 (Tex. App.—San Antonio 2007, pet. denied) (mem. op. on reh'g) for the proposition that any conveyance of an interest in real property was not a contract for goods or services.

In response to the City's ground and evidence, Appellees did not (1) argue that the City's immunity to their breach of contract suit was waived by statute or (2) provide summary judgment evidence. *See* TEX. LOC. GOV'T CODE ANN. § 271.152 (waiving a city's immunity from suit for entering into a contract for goods or services); *Holland*, 221 S.W.3d at 643.

We conclude Appellees failed to raise a genuine issue of material fact on a waiver of immunity by statute for the City's alleged breach of the PUA. *See Miranda*, 133 S.W.3d at 228.

---

[4] Appellees invite us to extend *Lawson* to a partial settlement agreement, but we do not reach that question. Here, the PUA does not conclusively dispose of *any* essential element of a taking claim.

[5] Appellees also rely on *City of Carrollton v. Singer*, 232 S.W.3d 790 (Tex. App.—Fort Worth 2007, pet. denied). For purposes of this appeal, it is no different than *Lawson*. Like *Lawson*, the *Singer* agreement fully settled a claim which the Singers could have made, and for which the City's immunity would have been waived. *Id.* at 799. *Singer* held the Singers' suit to enforce the agreement inherited the waiver. *Id.* at 799–800. Here, the PUA does not settle a claim for which immunity was waived, and neither *Lawson* nor *Singer* applies.

## CONCLUSION

The City of San Antonio's immunity from suit and liability was waived in its condemnation suits against Appellees' properties. However, the PUA did not settle the taking claim, and thus *Lawson* does not convey the taking claim's waiver of the City's immunity to Appellees' breach of contract cause of action. Because Appellees' did not assert any other basis for waiver of immunity, the trial court erred by denying the City's plea to the jurisdiction.

Without reaching the merits of Appellees' breach of the PUA claims, we reverse the trial court's order and render judgment dismissing Appellees' suit with prejudice to refiling a breach of the PUA suit in district court.

Patricia O. Alvarez, Justice