

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00542-CV

**CITY OF LEON VALLEY**, on behalf of itself and Unknown Employees, and Irene Baldridge,
Appellants

v.

**WM. RANCHER ESTATES JOINT VENTURE**, Rafael Alfaro, Jose Alfaro, Carman Alfaro,
Daniel Bee, Robert Caldwell, Anne Caldwell, Deference Service Business, Inc., Earl Doderer,
Sylvia Doderer, James Dowdy, Betty Dowdy, Issac Elizondo, Suzanne Elizondo, Roberto
Galindo, Erma Galindo, Shirl Jackson, Anne Jackson, and Ricardo A. Padilla,
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-03399
Honorable Laura Salinas, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  May 20, 2015

DISMISSED IN PART FOR WANT OF JURISDICTION; AFFIRMED IN PART; REVERSED
AND RENDERED IN PART; REMANDED

The City of Leon Valley and Irene Baldridge appeal the trial court's interlocutory order

denying their pleas to the jurisdiction. They argue the trial court lacks jurisdiction over the tort,

constitutional, and statutory claims—including claims under the Open Meetings Act and

Declaratory Judgment Act—that appellees alleged against them. We dismiss in part, affirm in part,

reverse and render in part, and remand.

**BACKGROUND**

In February 2013, appellees filed suit against the City, Irene Baldridge, and other defendants, alleging appellees own interests in a tract of land, known as Seneca West, located in the City of Leon Valley. Appellees alleged they sought to sell Seneca West and change its zoning designation through the City. Baldridge, a Leon Valley city councilwoman and real estate broker, allegedly contacted appellees, stated she had a client who wanted to buy the property, and threatened to use her influence in the city government to block appellees' zoning request if they did not accept her client's offer. Appellees alleged Baldridge acted in concert with other members of the city council to deny their zoning request.

Appellees further alleged the defendants illegally trespassed on their property to dig a trench that altered the natural flow of water and resulted in continuous and recurring flooding. They claim this conduct violated various statutory provisions and constituted a trespass to real property, a public and private nuisance, and a taking of property without just compensation under article I, § 17 of the Texas Constitution.

Appellees sued the City, Baldridge in her individual capacity,[1] and other named and unknown city employees. Appellees expressly enumerated causes of action against the defendants for the following: inverse condemnation for a physical taking; inverse condemnation for a regulatory taking; tortious interference with contract; tortious interference with prospective business relations; trespass to real property; public and private nuisance; violations of the Texas Water Code; and civil conspiracy. Appellees sought a temporary restraining order, temporary injunction, declaratory relief, damages, attorney's fees, and costs.

---

[1] Although appellees expressly sued Baldridge in her individual capacity only, appellants' brief indicates Baldridge is appealing in her official capacity.

The City filed a plea to the jurisdiction, arguing the pleadings affirmatively demonstrated the trial court lacked jurisdiction over appellees' nuisance claims, negligent tort claims, intentional tort claims, and "claims under the Texas Water Code, Health & Safety Code, Natural Resources Code, Property Code, Declaratory Judgment Act and constitutional [due process] claim arising under Tex. Const. art. 1, § 19." The plea did not challenge appellees' takings claims. Baldridge also filed a plea to the jurisdiction seeking dismissal of the claims against her based on the affirmative defenses of official and legislative immunity.

Appellees thereafter amended their petition twice, adding allegations that the City violated the Open Meetings Act in several ways. They alleged Baldridge violated Chapter 171 of the Local Government Code by failing to file an affidavit disclosing her conflict of interest and by not abstaining from participation in the zoning matter. They also alleged the City's zoning commission held a meeting at which members of the community presented testimony about appellees' zoning request, and the minutes and audio recording from the meeting were incomplete and altered.

The trial court held a hearing on the pleas. The trial court granted the parties' request to file post-hearing letter briefs, in which the City asserted new jurisdictional challenges to appellees' pleadings regarding the Open Meetings Act and Local Government Code violations. The trial court thereafter denied the City's and Baldridge's pleas. This appeal followed.

## STANDARD OF REVIEW

Political subdivisions of the state, including cities, are entitled to governmental immunity unless immunity has been legislatively waived. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). A legislative waiver of governmental immunity must be clear and unambiguous. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332-33 (Tex. 2006). Immunity "from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004).

We review the denial of a plea to the jurisdiction de novo. *City of San Antonio v. Alamo Aircraft Supply, Inc.*, 448 S.W.3d 507, 510 (Tex. App.—San Antonio 2014, no pet.). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Miranda*, 133 S.W.3d at 226 (internal citations omitted). When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Id.* at 227. In doing so, our review of the evidence mirrors summary judgment standards. *Id.* at 228.

Appellants raised numerous jurisdictional challenges for the first time on appeal. Courts of appeal have been directed to address such additional grounds even when raised for the first time in an interlocutory appeal. *See Dallas Cnty. v. Logan*, 407 S.W.3d 745, 746 (Tex. 2013). In doing so, we apply a modified standard of review. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012). If the pleadings and record neither demonstrate jurisdiction nor conclusively negate it, the governmental entity must show either that "the plaintiff failed to show jurisdiction despite having had full and fair opportunity in the trial court to develop the record and amend the pleadings or, if such opportunity was not given, that the plaintiff would be unable to show the existence of jurisdiction if the cause were remanded to the trial court and such opportunity afforded. If the governmental entity meets this burden, then [we] dismiss the plaintiff's case." *Id.* Otherwise, we must remand the case to the trial court for further proceedings. *Id.*

## BALDRIDGE'S LEGISLATIVE & OFFICIAL IMMUNITY

Baldridge argues the trial court erred by denying her plea to the jurisdiction based on her assertions of legislative and official immunity. We have jurisdiction over interlocutory appeals only as authorized by statute. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex.

2007). Baldridge invokes this court's jurisdiction over interlocutory appeals pursuant to section 51.014(a)(5) and (a)(8) of the Civil Practice & Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5), (8) (West 2015).

Section 51.014(a)(8) authorizes an interlocutory appeal from the denial of a plea to the jurisdiction by a governmental unit or public employee or official sued in her official capacity who is claiming sovereign or governmental immunity from suit. *Id.* § 51.014(a)(8). However, appellees sued Baldridge only in her individual capacity. A person sued only in her individual capacity does not have sovereign or governmental immunity from suit. *Nueces Cnty. v. Ferguson*, 97 S.W.3d 205, 214 (Tex. App.—Corpus Christi 2002, no pet.). Therefore, § 51.014(a)(8) does not authorize her appeal.

Section 51.014(a)(5) authorizes an interlocutory appeal from the denial of a motion for summary judgment based on an assertion of immunity by a public officer or employee. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5). The immunities Baldridge asserted—official and legislative—are immunities from liability that are affirmative defenses that may be raised in a motion for summary judgment. *See Koseoglu*, 233 S.W.3d at 843. Baldridge does not appeal from the denial of a motion for summary judgment. Therefore, section 51.014(a)(5) does not authorize her appeal. We dismiss Baldridge's appeal for lack of jurisdiction.[2]

## VARIOUS STATUTORY VIOLATIONS

The City appeals the trial court's denial of its plea to the jurisdiction with regard to alleged violations of various statutes. Although appellees allege the City violated the Water Code, Health & Safety Code, Natural Resources Code, Penal Code, and Property Code, appellees alleged violations of only the Water Code as a free-standing claim to recover damages. Appellees alleged

---

[2] Appellants' brief suggests Baldridge is appealing in her official capacity. Because she was not sued in her official capacity, we decline to address any issues she asserts on appeal in her official capacity.

violations of other statutory provisions to support other expressly enumerated causes of action, and have not asserted they otherwise intended to plead them as independent causes of action. In construing appellees' pleadings, we look to appellees' intent, which we conclude is—for purposes of this issue—to sue the City for damages only under the Water Code. *See Miranda*, 133 S.W.3d at 226.

Appellees allege a cause of action against appellants for violating § 11.086 of the Water Code by causing continuous and recurring flooding, and they allege they sustained damages as a result. There is no clear and unambiguous waiver of governmental immunity for violating § 11.086 of the Water Code. *City of Midlothian v. Black*, 271 S.W.3d 791, 798 (Tex. App.—Waco 2008, no pet.). Therefore, the trial court erred because it lacks jurisdiction over appellees' Water Code claim.

### OPEN MEETINGS ACT & LOCAL GOVERNMENT CODE CLAIMS

In numerous sub-issues, the City argues the trial court lacks jurisdiction over appellees' Open Meetings Act and Local Government Code claims.

*Availability of Damages under the Open Meetings Act*

The City first argues the Open Meetings Act "does not authorize damages under the facts of this controversy." Appellees alleged the City violated the Open Meetings Act and sought damages, injunctive relief, attorney's fees, and costs. The Open Meetings Act permits an "interested person [to] bring an action . . . to stop, prevent, or reverse a violation . . . by members of a governmental body." TEX. GOV'T CODE ANN. § 551.142(a) (West 2012). A court may award "costs of litigation and reasonable attorney fees incurred by a plaintiff or defendant who substantially prevails." *Id.* § 551.142(b). The Open Meetings Act permits the recovery of damages only for the knowing disclosure of certain information pertaining to closed meetings. *Id.* § 551.146(a) (West Supp. 2014).

The Open Meetings Act "waives immunity for violations of the act and authorizes suits against governmental bodies." *Riley v. Comm'rs Court of Blanco Cnty.*, 413 S.W.3d 774, 777 (Tex. App.—Austin 2013, pet. denied). While immunity from suit deprives a court of jurisdiction, immunity from liability is an affirmative defense that does not deprive a trial court of jurisdiction. *Miranda*, 133 S.W.3d at 224. The inability to recover damages in a suit for which immunity has been waived is an affirmative defense rather than a jurisdictional defect. *See Davis v. City of San Antonio*, 752 S.W.2d 518, 520 (Tex. 1988) (rejecting the contention that a trial court "lacks jurisdiction to hear a claim for damages outside of the legislature's waiver of sovereign immunity" and holding immunity from liability for damages is waived if not pled); *cf. Texas Comm'n on Human Rights v. Morrison*, 346 S.W.3d 838, 850 (Tex. App.—Austin 2011) (holding the assertion of sovereign immunity against a claim for damages above a statutory damages cap was an affirmative defense of immunity from liability, not a jurisdictional challenge), *reversed on other grounds*, 381 S.W.3d 533 (Tex. 2012). Because the City asserts it is immune from damages for the alleged violations of the Open Meetings Act, it is asserting immunity from liability for damages rather than immunity from suit. As such, the City's assertion of immunity from liability for damages is not properly raised by a plea to the jurisdiction. *See Davis*, 752 S.W.2d at 520. We lack jurisdiction to address this issue. *See Tex. Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004).

### *Appellees' Pleadings Regarding Violations of the Open Meetings Act*

The City argues that appellees "do not assert a viable claim under the Open Meetings Act" because they (1) allege illegal acts by Baldridge, the City Council, and the Zoning Commission, but not "against the collective governmental body" and (2) do not allege "a quorum of the City Council deliberat[ed] to circumvent the act." They also argue appellees' claim is moot because the "actions taken in violation of the Open Meetings Act are *voidable*, not void *ab initio*."

Appellees allege that the City "violated the Texas Open Meetings Act, thereby rendering void or voidable its March 1, 2011 vote to deny [appellees] their request for . . . [a] zoning designation or redesignation." They also allege the City "fail[ed] to make the full, complete recording of the December 28, 2010 meeting . . . available for public inspection." They further allege the City and Baldridge violated the Open Meetings Act when Baldridge "wrongfully participated in a closed meeting of the Leon Valley City Council." Appellees allege they are entitled to an injunction and a revote on the void action under the Open Meetings Act.

With few exceptions, the Open Meetings Act prohibits closed meetings of governmental bodies. TEX. GOV'T CODE ANN. §§ 551.004, .071-.090 (West Supp. 2014). The Act also requires a governmental body to prepare and keep minutes or make a recording of each open meeting of the body stating the subject of each deliberation. *Id.* § 551.021. The minutes and recordings of an open meeting must be made available for public inspection and copying upon request. *Id.* § 551.022.

Broadly construing the appellees' pleading in their favor, appellees allege the City is liable for its city councilmembers' participation in a closed meeting and the failure to make available for public inspection a full and complete recording or minutes from a zoning commission meeting. *See Miranda*, 133 S.W.3d at 226. Because these are violations of the Open Meetings Act, appellees have pled claims over which the trial court has jurisdiction. *See id.* § 551.004, .021, .022, .071-.090; *see also Riley*, 413 S.W.3d at 777.

The City argues the controversy regarding the city council's vote is moot because the city council already voted to deny appellees' zoning request. Mootness is a "threshold issue[] that implicate[s] subject-matter jurisdiction." *City of Helotes v. Miller*, 243 S.W.3d 704, 708 (Tex. App.—San Antonio 2007, no pet.). "A case becomes moot if a controversy ceases to exist or the

parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005)).

The City argues that under *City of Dallas v. Vanesko*, "the only remedy is for Appellees to resubmit . . . the zoning change request." 189 S.W.3d 769 (Tex. 2006). *Vanesko* is inapplicable because it holds only that a city "can enforce a zoning ordinance against a property owner whose substantially completed new home has been built in violation of the ordinance, even though the city had given preliminary approval to the owner's building plans." *Id.* at 770. The City cites no authority for the position that the trial court is unable to remedy the alleged Open Meetings Act violations under its authority to issue an injunction and "reverse a violation" of the Act. *See* TEX. GOV'T CODE ANN. §§ 551.142(a). Therefore, we hold the case is not moot.

### *Full Compliance with the Open Meetings Act*

The City argues evidence in the record establishes it fully complied with the requirements of the Open Meetings Act. It first asserts the evidence shows the only final action by the city council was the vote on appellees' zoning request, which occurred in open session on March 1, 2011. The City submitted the minutes of the March 1, 2011 city council meeting. However, appellees did not affirmatively plead that the alleged closed meeting occurred on March 1, 2011. Because we liberally construe appellees' pleadings in favor of holding the trial court has jurisdiction, and the City did not specially except to the pleading, we construe the pleading as alleging there was a closed meeting independent from the March 1, 2011 city council vote. *See* *Miranda*, 133 S.W.3d at 226.

The City's next assertion is that appellees' evidence conclusively establishes there were minutes and a recording of the December 28, 2011 zoning commission meeting; and the Open Meetings Act requires one or the other, but does not require that either be complete. Appellees allege the minutes of the zoning commission meeting were incomplete and "failed to fully state

the subject of each deliberation and indicate the vote, order, decision or other action taken. Furthermore, the audio recording of this meeting . . . is incomplete." Appellees submitted an affidavit from Elizabeth Bee in support of these allegations. Bee's affidavit states she attended the zoning commission meeting and reviewed the minutes and the audio recording. It further states the minutes' summary of the testimony "is incomplete and not a faithful summary of what the testimony covered" and the audio recording "was edited or altered and is incomplete." Bee's affidavit provided examples of items and segments missing from each.

The Open Meetings Act requires a governmental body to keep minutes of open meetings and that those minutes "state the subject of each deliberation" and "indicate each vote, order, decision, or other action taken." TEX. GOV'T CODE ANN. § 551.021(a), (b) (West 2012). Alternatively, the governmental body may make a recording of each open meeting. *Id.* The minutes or recording must be made available for public inspection. *Id.* § 551.022.

Because this particular challenge was not raised in the trial court, appellees did not have a full and fair opportunity to develop the record to address it. The City argues Bee's affidavit establishes it complied with the Act because it made the minutes and a recording available for public inspection, but the affidavit—when viewed in a light most favorable to appellees and drawing all inferences in their favor—is some evidence that the minutes of the meeting failed to comply with the requirements of the Open Meetings Act and supports that the audio recording was altered. *See Fort Bend Indep. Sch. Dist. v. Gayle*, 371 S.W.3d 391, 394 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (stating evidence in support of plea is viewed in the light most favorable to the nonmovant and courts "indulg[e] every reasonable inference in her favor and resolv[e] any doubts in her favor"). The record before us does not conclusively establish the absence of a jurisdictional fact with regard to this alleged violation of the Open Meetings Act.

*Baldridge's Alleged Conflict of Interest*

Appellees allege the city council's March 1, 2011 vote on their zoning application is void because of Baldridge's improper participation. The City contends (1) "there is no factual basis or record evidence to allege" Baldridge had a substantial interest in the matter before the city council, and (2) Baldridge's vote did not affect the outcome of the city council's vote on the zoning request.

Appellees allege Baldridge had an impermissible "substantial interest" in real property and in a business entity under Section 171.004 of the Local Government Code, which provides:

> (a)  If a local public official has a substantial interest in a business entity or in real property, the official shall file, before a vote or decision on any matter involving the business entity or the real property, an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter if:
>
>     (1) in the case of a substantial interest in a business entity the action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public; or
>
>     (2) in the case of a substantial interest in real property, it is reasonably foreseeable that an action on the matter will have a special economic effect on the value of the property, distinguishable from its effect on the public.

TEX. LOCAL GOV'T CODE ANN. § 171.004(a) (West 2008). When a trial court finds this provision was violated, it may render the governing body's action voidable if "the measure that was the subject of an action involving a conflict of interest would not have passed the governing body without the vote of the person who violated the chapter." *Id.* § 171.006; *Dallas Cnty. Flood Control Dist. No. 1 v. Cross*, 815 S.W.2d 271, 282 (Tex. App.—Dallas 1991, pet. denied).

Because the City's argument that "there is no factual basis or record evidence to allege" Baldridge had a substantial interest in the matter before the city council was not raised in the trial court, appellees did not have a full and fair opportunity to develop the record to address the challenge. Furthermore, the City does not argue or cite evidence supporting that appellees would

be unable to show the existence of jurisdiction if the issue were remanded. Therefore, we remand the challenge to the trial court. *See Rusk State Hosp.*, 392 S.W.3d at 96.

The City further contends the minutes and agenda for the March 1, 2011 meeting show the city council's vote on appellees' zoning request was unanimous. However, the minutes do not conclusively establish the other city council members would have voted the same way had Baldridge abstained. Appellees also submitted affidavits from two city council members who voted on appellees' zoning request. The affidavits state Baldridge did not disclose her brokerage's involvement with the property and, had she done so, their votes would have changed and other members' votes likely would have changed. The affidavits also state "the motion to deny [appellees'] request would not have passed without . . . Baldridge's vote."

The City misplaces its reliance on *Sosa v. City of Corpus Christi*, 739 S.W.2d 397 (Tex. App.—Corpus Christi 1987, no writ), which holds members of a city council are not competent to testify about the body's collective intent when passing legislation. *Id.* at 405. The inquiry under § 171.006 does not concern legislative intent; it concerns whether the measure "would not have passed the governing body without the vote of the person who violated the chapter." *See* TEX. LOCAL GOV'T CODE § 171.006. Because there is a fact issue on jurisdiction, we hold the trial court properly denied the plea as to this challenge.

### CONSTITUTIONAL, TORT, AND DECLARATORY JUDGMENT ACT CLAIMS

The City argues the trial court lacks jurisdiction over a claim for damages for violating article 1, § 19 of the Texas Constitution, appellees' tort claims, and their claims under the Declaratory Judgment Act.

### *Due Process Claim - Article 1, § 19 of the Texas Constitution*

Appellees expressly enumerated nine causes of action against appellants as freestanding claims. A damages claim for a due process violation under article 1, § 19 of the Texas Constitution

was not one of them. We construe appellees' pleading accordingly. *See Miranda*, 133 S.W.3d at 226 (requiring courts to construe pleadings according to the pleaders' intent). Therefore, we do not address this argument.

### Tort Claims

Appellees assert on appeal that the trial court has jurisdiction over their tort claims against the City because (1) "the intentional torts alleged by Appellees are so egregious that they fall under the takings clause of the Texas Constitution" and (2) motorized equipment and vehicles were intentionally used to dig a trench on the property in question. The Tort Claims Act does not waive immunity for intentional torts. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West 2011); *State v. Gafford*, No. 04-03-00168-CV, 2003 WL 22011302, at *4 (Tex. App.—San Antonio Aug. 27, 2003, no pet.). Appellees also fail to refer us to any negligence claim they pled against the City that falls within the limited waiver of immunity from suit under the Tort Claims Act. Therefore, we hold the trial court lacks jurisdiction over appellees' common law tort claims against the City.

### Requests for Declaratory Relief under the Declaratory Judgment Act

The City contends the trial court lacks jurisdiction over appellees' Declaratory Judgment Act claims. Appellees' pleading included seven requests for declaratory relief regarding how the City's zoning ordinance and public easements affect their rights concerning Seneca West. Without reference to any of appellees' specific requests for declaratory relief, the City argues the trial court erred by denying its plea to the jurisdiction because there is no waiver of immunity "for monetary damage relief or relief for interpretation of statutory rights" under the Declaratory Judgment Act.

Under the Declaratory Judgment Act, a person "whose rights, status, or other legal relations are affected by a statute [or] municipal ordinance . . . may have determined any question of construction or validity arising under the . . . statute [or] ordinance . . . and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a)

(West 2015). The Act is not a general waiver of immunity, and it does not create a general right to sue a governmental entity. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). A party may not recast a claim for which immunity has not been waived as a claim for declaratory relief. *City of Eagle Pass v. Wheeler*, No. 04-07-00817-CV, 2008 WL 2434228, at *3 (Tex. App.—San Antonio June 18, 2008, no pet.). But "in every suit against a governmental entity for money damages, a court must first determine the parties' contract or statutory rights; if the sole purpose of such a declaration is to obtain a money judgment, immunity is not waived." *City of Houston v. Williams*, 216 S.W.3d 827, 829 (Tex. 2007). When declaratory relief would resolve a controversy as to the rights and status of the parties, a trial court may award relief under the Act when deciding cases "already within [its] jurisdiction." *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996); *accord Bonham State Bank v. Beadle*, 907 S.W.2d 465, 468 (Tex. 1995).

Having held that the trial court has jurisdiction over appellees' claims under the Open Meetings Act, and because appellants do not challenge the trial court's jurisdiction over appellees' condemnation claim, we hold this case is within the trial court's jurisdiction and the trial court may award declaratory relief as necessary to resolve the controversy. *See Chenault*, 914 S.W.2d at 141, *Bonham State Bank*, 907 S.W.2d at 468; *City of Eagle Pass*, 2008 WL 2434228, at *3. Therefore, we overrule this issue.

### CONCLUSION

We dismiss Baldridge's appeal for lack of jurisdiction. We reverse the trial court's order with regard to appellees' claims against the City for violating the Water Code and their tort claims. We reverse the trial court's order as to these claims and render judgment dismissing them for lack of jurisdiction. Because appellees have not had an opportunity to replead or develop the record regarding Baldridge's alleged "substantial interest" in the zoning matter before the city council,

we affirm the denial of the plea to the jurisdiction as to that claim and remand for further proceedings. We affirm the remainder of the trial court's order.

Luz Elena D. Chapa, Justice